IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL BARNISHIN,

     Plaintiff,

v.                           CASE NO. 4:16-cv-719-MW-GRJ

WILLIAM N MEGGS,
et al.,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the Blackwater CI, initiated this case by filing a complaint , ECF No. 1, and a motion for leave to proceed as a pauper, ECF No. 2.  The original Complaint and motion were deficient because Plaintiff failed to use this Court's forms for prisoner complaints and IFP motions.  The Court ordered Plaintiff to correct these deficiencies.  Plaintiff has now filed an amended IFP motion, ECF No. 10, and an Amended Complaint, ECF No. 12.  This case is before the Court for screening of the Amended Complaint.  For the following reasons, the undersigned recommends that leave to proceed as a pauper be denied and this case dismissed for lack of subject matter jurisdiction and as frivolous.

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma*

*pauperis*,  the Court may dismiss a case at any time if the Court

determines that the allegation of poverty is untrue, or the action is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief against a defendant who is immune from such relief.  *See*

28 U.S.C § 1915(e).  The Court must liberally construe a *pro se* Plaintiff's

allegations.  *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v.*

*Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  However, a court does not

have "license . . . to rewrite an otherwise deficient pleading [by a pro se

litigant] in order to sustain an action."  *GJR Investments v. County of*

*Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other*

*grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))*.*

Federal courts are courts of limited jurisdiction that possess only that

power authorized by the Constitution and federal statutes.  *See, e.g.,*

*Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986).  A plaintiff invoking the

court's jurisdiction must establish the basis for such jurisdiction in the

complaint.  *See Taylor  v. Appleton*,  30 F.3rd 1365, 1367 (11th Cir. 1994).

The Amended Complaint is again deficient because Plaintiff failed to

use the Court's form for prisoners.  The pleading, with exhibits, totals 93

pages and therefore vastly exceeds the Court's 25-page limit for *pro se* complaints.  ECF No. 12.

Further, Plaintiff's claims can best be described as nonsensical. Plaintiff identifies himself as a "registered trade name/business entity" and purports to sue 18 individuals from whom he seeks "equitable relief" to enforce purported liens.  Plaintiff claims he is the "highest title holder" of the "Michael Barnishin Estate," by virtue of having a birth certificate bearing that name.  Plaintiff claims that Defendants are indebted to him in amounts totaling roughly $90 million dollars.  Plaintiff has attached various documents to the Complaint that are identified as an "international commercial claim in the admiralty" and a claim on "commercial hazard bonds".  Plaintiff claims a right to relief under various, and numerous, statutes, codes, and administrative regulations.  Plaintiff also refers in passing to his "unlawful imprisonment".  It is unclear precisely what relief Plaintiff seeks from this Court, but it is apparent that the Complaint presents no coherent basis for the exercise of federal subject matter jurisdiction and is patently frivolous.  *See* ECF No. 12.

Accordingly, it is respectfully **RECOMMENDED** that leave to proceed as a pauper should be **DENIED** and this case should be **DISMISSED**

pursuant to 28 U.S.C § 1915(e)(2)(B)(i) as frivolous and for lack of subject

matter jurisdiction.  Because Plaintiff is subject to the requirements of the

Prison Litigation Reform Act, this dismissal should operate as a "strike"

pursuant to 28 U.S.C. § 1915(g).

   **IN CHAMBERS**  this 10th day of March 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

   **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**